UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **GWENDOLYN LEATH,** | } |
| **Plaintiff,** | } |
| vs. | } CASE NO. CV 06-B-0931-NE |
| **RYAN & REED, INC.,** | } |
| **Defendants.** | } |

### FINDINGS AND CONCLUSIONS

This case is currently before the court on Plaintiff's Motion for Default Judgment and for Damages against defendant Ryan & Reed, Inc. ("Ryan & Reed"). (Doc. 9.)[1] As directed by the Court, the clerk of court has entered a default against defendant Ryan & Reed.

In her Complaint, Gwendolyn Leath ("Leath" or "Plaintiff") asserts a cause of action for violation of the Fair Debt Collection Practices Act (FDCPA), as well as a state law cause of action for invasion of privacy by intrusion upon solitude, seclusion, and/or private concerns or affairs of the Plaintiff. (Doc. 1, Compl., pp. 4-5.) In her Motion for Default Judgment and for Damages, Leath seeks:

(1)   a declaratory judgment that Defendant's conduct in: (1) screaming at the Plaintiff and otherwise engaging in conduct the natural consequence of

---

[1]   Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

1

        which was to harass the Plaintiff; (2) threatening to take action which could not legally be taken and which the Defendants did not intend to take; (3) making false representations to collect a debt; and (4) using obscene and profane language in order to abuse the Plaintiff violated the Fair Debt Collection Practices Act;

(2)    statutory damages under the FDCPA in the amount of One Thousand Dollars ($1,000.00);

(3)    judgment against Ryan & Reed for Fifty Thousand Dollars ($50,000.00) as compensatory damages on her claims for invasion of privacy;

(4)    attorney's fees and costs in an amount set out in the affidavit of counsel for plaintiff.

(Doc. 9, ¶¶ 2-5.)

Leath has submitted her own Affidavit in which she attests to the truth and accuracy of the allegations in her complaint. (Doc. 9, Ex. 1.) Counsel for Plaintiff, Ronald C. Sykstus ("Sykstus"), has submitted an Affidavit in support of Plaintiff's claim for attorney fees and costs. (Doc. 9, Ex. 2.) Sykstus states that, although he generally accepts cases on a contingency fee basis, he has a billable rate of Three Hundred Dollars ($300.00) per hour. *Id.*, p. 2. Sykstus's paralegal, Jennifer Garcia ("Garcia"), who is a graduate of the University of Alabama in Huntsville with a Bachelor's Degree in

Communications, also worked on the case. *Id*. Garcia's work was billed at a rate of Ninety Dollars ($90.00) per hour. *Id*.

    In his Affidavit, Sykstus details his extensive legal qualifications and experience, as well as Garcia's educational background and qualifications. (Doc. 9, Ex. 2, pp. 1-2.) He further represents that he "ha[s] charged and ha[s] a billable rate of $300.00 per hour" for non-contingency fee cases. *Id*. Sykstus has also submitted the Affidavits of two former clients, Patricia N. O'Shields and Reginald W. Hallas, both stating that Sykstus represented them in one or more separate consumer matters at a billable rate of $300 per hour, and that they were pleased with the representation and with the outcomes obtained for them by Sykstus. *Id*., Exs. D, E. In addition, Sykstus has included a copy of an Order issued by the district court for the Northern District of Illinois in a FDCPA case finding his $300 hourly rate to be reasonable , and awarding Sykstus's requested attorney fees based thereon. *Id*., Ex. F. Based upon these submissions, the court is satisfied that the requested rates are reasonable.[2]

    According to Sykstus's Affidavit, Sykstus expended a total of 15.8 hours working on Plaintiff's case, at an hourly rate of $300.00, for a total fee of $4,740.00. (Doc. 9, Ex. 2, pp. 1-2.) Garcia expended a total of 9.05 hours working on this case, at an hourly rate of $90.00, for a total fee of $814.50. Total expenses for filing, postage, copying and faxes were $495.80. Therefore, the total fees and costs claimed are $6,050.30.

---

   [2] The court notes that Defendant has not appeared in this case and, thus, has not objected to any aspect of Plaintiff's Motion for Default Judgment and For Damages.

Upon consideration of the record, and the Motion for Default Judgment and for Damages along with supporting Exhibits, the court finds that Plaintiff's Motion (doc. 9) is due to be granted in part. Although the court finds the actions of defendant's agents to be harassing, the court is not persuaded by plaintiff's Affidavit that she is entitled to the amount of damages sought. The court is of the opinion that an award of $25,000 is more appropriate for the injuries incurred by the plaintiff on her claims for invasion of privacy. A separate judgment in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this the 30th day of September, 2008.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE